```
1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10  STEVEN KRAVETZ,
                                              CASE NO. 3:19-CV-05050-RJB-DWC
11                 Petitioner,
                                              ORDER TO FILE SUPPLEMENTAL
12       v.                                   STATE COURT RECORD

13  MIKE OBENLAND,

14                 Respondent.
```

The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Steven Kravetz, through retained counsel, filed his federal habeas Petition seeking relief from a state court conviction. *See* Dkt. 1. After review of the record, the Court directs Respondent to file a supplemental state court record. The Court also notifies the parties that it will issue a report and recommendation on the merits of the Petition without consideration of motions for summary judgment.

**I.      Supplemental Answer and State Court Record**

In the Petition, Petitioner alleges that his trial counsel provided ineffective assistance when trial counsel failed to move to suppress documents and photographs obtained during the

execution of a search warrant at Petitioner's residence. Dkt. 1. Respondent filed an Answer to the Petition with portions of the state court record. Dkt. 4, 5. The Court has reviewed the state court decision and finds relevant portions of the state court record, including witness testimony and a surveillance video related to Petitioner's claim of ineffective assistance of counsel, were not included in state court record provided to the Court. *See* Dkt. 5.

Without all relevant portions of the state court record, the Court cannot meaningfully review the state court's decision and determine if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see Nasby v. McDaniel*, 853 F.3d 1049, 1054 (9th Cir. 2017) ("Regardless of what documents the parties originally submit, it is the district court's independent obligation to obtain the relevant portions of the record."). As the Court must have all relevant portions of the record to meaningfully review the state court's decision, the Court directs Respondent to file a supplemental answer and state court record. The supplemental state court record should include the trial transcripts and any additional state court records relevant to this Court's determination. *See* Dkt. 5-3, pp. 226-27 (in concluding trial counsel was not ineffective, the state supreme court relied on witness testimony and a surveillance video, which were not included in the state court record file with this Court).

II.     **Motion for Summary Judgment**

On April 18, 2019, Petitioner, through his counsel, filed a Motion for Summary Judgment. Dkt. 6, 7. The Court struck the Motion for Summary Judgment and supporting documents because Petitioner failed to follow the Court's Order regarding filing a response to the Answer. Dkt. 9. The Court, however, allowed Petitioner additional time to file a response to the Answer. *See* Dkt. 9. On May 13, 2019, Petitioner filed a statement titled Petitioner's Decision

Not to File a Reply to the Respondent's Answer, wherein Petitioner stated he would not file a response to the Answer and would renew his summary judgment motion once the Court indicated a summary judgment motion could be filed. Dkt. 10.

The Rules Governing Section 2254 Cases "contemplate an answer and reply [to the Petition] (Rule 5), an evidentiary hearing in some cases (Rule 8), and the entry of an order with or without a certificate of appealability (Rule 11)[.]" *Gussner v. Gonzalez*, 2013 WL 458250, at *3 (N.D. Cal. Feb. 5, 2013). The Rules "do not contemplate either a trial or an additional set of briefing or hearing," and summary judgment motions add an unnecessary step in resolving habeas cases. *See id*. "Thus, motions for summary judgment are inappropriate in federal habeas proceedings." *Kornfeld v. Puentes*, 2019 WL 1004578, at *1 (E.D. Cal. Mar. 1, 2019).

Here, summary judgment motions are not necessary, nor appropriate. The Court reviewed the Petition, directed Respondent to answer the Petition, and set a briefing schedule, which allowed Petitioner an opportunity to file a response to the Answer. Dkt. 2.[1] Respondent filed an Answer and Memorandum of Authorities, but Petitioner declined to respond to the Answer. *See* Dkt. 4, 5, 10. The Court will issue a report and recommendation on the merits of the Petition after Respondent files the supplemental state court record. As the Court is directing Respondent to file a supplemental answer and state court record, the Court will allow Petitioner one additional opportunity to file a response to the Answer and supplemental answer. However, summary judgment motions will not be considered in this case.

---

[1] The Court notes, Petitioner stated an evidentiary hearing is not necessary and, consistent with the Rules Governing Section 2254 Cases, requested the Court (1) direct Respondent to answer the Petition and (2) set a briefing schedule for consideration of the merits of Petitioner's claim. Dkt. 1, ¶¶ 9.1, 11.1, 11.3.

### III. Conclusion

Based on the above stated reasons, the Court directs Respondent to file a supplemental answer and supplemental state court record on or before July 17, 2019. Petitioner may file a response to the Answer and supplemental answer on or before August 5, 2019. Respondent may file a reply to Petitioner's response on or before August 9, 2019.

The Clerk of Court is directed to re-note the Petition (Dkt. 1) for consideration on August 9, 2019.

Dated this 17th day of June, 2019.

*David W. Christel*
United States Magistrate Judge