# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

STEVEN KRAVETZ,

            Petitioner,

v.

MIKE OBENLAND, Warden, Monroe Correctional Center,

            Respondent.

CASE NO. 19-5050 RJB - DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 21. The Court has considered the Report and Recommendation, objections, attachments, the response to the objections, and the remaining file. The Court is fully advised.

The Petitioner filed this case pursuant to 28 U.S.C. § 2254 seeking relief from his state court convictions and sentence on a single ground: that trial counsel was ineffective for failing to move to suppress items found in his mother's garage - a hand drawn sketch of the Grays

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1  Harbor County, Washington Courthouse and photographs and the home address of Grays Harbor

2  County, Washington Sherriff's Deputy David Libby.  Dkt. 1.

3  The facts and procedural history are in the Report and Recommendation (Dkt. 21, at 1-6)

4  and are adopted here.

5  As stated by the parties and in the Report and Recommendation, "claims of ineffective

6  assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668, (1984)." *Clark v.*

7  *Chappell*, 936 F.3d 944, 968 (9th Cir. 2019).  For such a claim, the Petitioner must show that

8  "(1) counsel's performance was deficient" and (2) "the deficient performance prejudiced the

9  defense." *Strickland,* at 687.  The Court need only address the second *Strickland* prong,

10 prejudice, if the Petitioner makes an insufficient showing under that prong.  *Id.*  Under the

11 *Strickland* prejudice prong, "[t]he defendant must show that there is a reasonable probability

12 that, but for counsel's unprofessional errors, the result of the proceeding would have been

13 different."  *Hardy v. Chappell*, 849 F.3d 803, 819 (9th Cir. 2016).  "A reasonable probability is

14 sufficient to undermine confidence in the outcome and must be substantial, not just conceivable."

15 *Id.*

16 The Report and Recommendation recommends that the petition be dismissed.  Dkt. 21.  It

17 recommends that a certificate of appealability be denied.  *Id.*  For the reasons provided below,

18 the Report and Recommendation should be adopted, the petition dismissed, and the certificate of

19 appealability should be denied.

20 Petitioner's objections are generally a repetition of his argument and assertions in prior

21 briefing and are addressed in the Report and Recommendation. Of particular note, the Petitioner

22 maintains that the Report and Recommendation and the state courts cited the proper legal

23 standards but applied the wrong methodology.  Dkt. 24.  As to the Report and

24

Recommendation's recommendations and state court's holdings on the *Strickland* prejudice prong, he maintains that they "looked solely at the evidence of guilt – the evidence 'against' [him]." *Id.*, at 4. The Petitioner asserts that "[t]his method of determining prejudice is directly contrary to the command of *Strickland* and *Williams* [*v. Taylor,* 529 U.S. 362 (2000)] that courts must look at all the evidence, including the evidence that favored the defendant." *Id.*

Petitioner's objections do not provide a basis to reject the Report and Recommendation. Contrary to the Petitioner's assertions, the Report and Recommendation and the state courts properly applied the correct legal rules to the facts of his case. They concluded that, considering all the evidence, the Petitioner failed to make the requisite showing of prejudice under *Strickland*. The Petitioner fails to point to authority which requires the state courts to explicitly list each piece of evidence they considered. Further, he mischaracterizes the state court rulings. Under *Williams,* "[a] state-court adjudication involves an unreasonable application of the Supreme Court's precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Mahrt v. Beard*, 849 F.3d 1164, 1169 (9th Cir. 2017)(*quoting Williams v. Taylor*, 529 U.S. 362, 407 (2000)). "In order to satisfy the 'unreasonable application' prong of § 2254(d)(1), the state court decision must be objectively unreasonable, not merely wrong." *Id.* The Petitioner does not show that the "decisions [were] objectively unreasonable," or even "merely wrong" in their application of the facts to the governing legal rules. *Mahrt,* at 1169.

His argument, that the state courts' reliance on "witness testimony and surveillance video of the assault" as "evidence of intent" was completely irrational, is not persuasive. He makes no showing the witnesses' testimony was not adequate ground to conclude that he had the necessary intent for the assault. Further, while the Petitioner argues that the parties agreed that there was

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

no surveillance video that recorded the assault, the State properly points out that the Petitioner fails to give proper deference to the state court – the reference reasonably includes surveillance video that was in the record – that of his bus ride to the courthouse the day of the assault and a six-hour long video of Petitioner's confession to police.

Petitioner argues that he is entitled to relief not just under 28 U.S.C. § 2254(d)(1) (unreasonable application of clearly established federal law) as above, but relief under § 2254(d)(2) (state court decision was "based on an unreasonable determination of the facts in light of the evidence presented") due to the Washington State Supreme Court's use of that same phrase, "witness testimony and surveillance video of the assault" as "evidence of intent," when there is no video of the assault. Dkt. 24. Petitioner argues that this was an erroneous finding of fact (that a video existed) and so the state court's adjudication of the prejudice prong was "an unreasonable determination of the facts." *Id.* This does not provide an adequate ground to decline to adopt the Report and Recommendation. While the state court's less than artful wording - the use of the preposition "of" instead of the preposition "about" - would have been better, the Petitioner fails to make the necessary showing.

The state courts properly concluded that the Petitioner failed to meet the *Strickland* prejudice prong. He failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hardy v. Chappell*, 849 F.3d 803, 819 (9th Cir. 2016). "[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2560 (2018).

Even if the state courts unreasonably applied the facts of the case to the proper federal rules, the undersigned concludes that the Petitioner is not entitled to relief even on *de novo*

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

review. Considering all the evidence – both that favors the Petitioner and that does not – he has failed to make an adequate showing on the *Strickland* prejudice prong - a reasonable probability, that had counsel filed the motion to suppress, and the motion had been granted (the courthouse drawing, Libby photographs and documents with the address been excluded), that "the result of the proceeding would have been different." The Petitioner did not demonstrate "a reasonable probability" which was "sufficient to undermine confidence in the outcome" that was "substantial, not just conceivable." *Hardy,* at 819.

In his objections, Petitioner requests leave to depose his trial attorney to inquire of trial counsel as to why he did not make the suppression motion at issue and moves for an evidentiary hearing. Dkt. 24. Petitioner seeks this discovery and hearing to demonstrate that trial counsel's performance was deficient. *Id.*

The undersigned need not reach this issue because "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland,* at 697. The U.S. Supreme Court directs courts to "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice" first, if possible. *Id.* It is possible here. The Petition should be dismissed, and the certificate of appealability should be denied.

**ORDER**

It is **ORDERED** that:

The Report and Recommendation (Dkt. 21) **IS ADOPTED**;

The Petition **IS DISMISSED**; and

The Certificate of Appealability **IS DENIED**.

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3  Dated this 9th day of January, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge